IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| LEA CAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-cv-1385-RJD |
| v. | ) | |
| | ) | |
| HIMANSHU "SAM" PATEL and | ) | |
| ANTHENEON, ILLINOIS, INC., | ) | |
| | ) | |
| Defendants. | | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' Motion to Bar Plaintiff's Claim for Lost Wages for Failure to Provide Calculation (Doc. 44). Plaintiff responded (Doc. 51) and Defendants replied (Doc. 52). As explained further, Defendants' Motion is DENIED. This matter also comes before the Court on Plaintiff's Motion to Strike Requests for Admission (Doc. 46). Defendants responded (Doc. 47). As explained further, Plaintiff's Motion is GRANTED.

**Background**

Plaintiff filed suit in this matter on December 20, 2019 (Doc. 1). Her Amended Complaint alleges that Defendants committed various violations of the Fair Labor Standards Act, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, the Americans with Disabilities Act, the Illinois Human Rights Act, and the Illinois Whistleblower Act (Doc. 25). Prior to the initial Scheduling and Discovery conference in this matter, the parties were advised of the proper procedure for bringing Rule 37 discovery disputes to the Court (Doc. 16). Discovery closed on March 8, 2021 (Doc. 39). On March 10, 2021, Defendants filed Requests for

Page **1** of **5**

Admissions to Plaintiff, asking Plaintiff to admit or deny the following pursuant to Federal Rule

of Civil Procedure 36:

> (1) Plaintiff received payment for each hour worked at Motel 6 since May 27, 2019.
>
> (2) Plaintiff has not worked more than forty (40) hours at Motel 6 in any week since May 27, 2019.

The next day, Defendants filed their Motion to Bar Plaintiff's lost wages claim, contending

that Plaintiff failed to provide documentation evidencing her damages claim pursuant to

Rule 26(a)(2)

**Motion to Bar Plaintiff's Claim for Lost Wages for Failure to Provide Calculation**

Defendants ask the Court to "bar Plaintiff from offering any argument or evidence

…concerning her claim(s) of loss of wages because she failed to disclose the required

calculation of such damages required by Rule 26(a)" (Doc. 44).   Rule 26(a) requires

litigants to make Initial Disclosures that include a computation of their damages and

provide the evidence upon which they based their computations.   In Plaintiff's Initial

Disclosures, she stated that she intended "to seek lost wages and benefits, less the wages

she currently earns.   Plaintiff will supplement these disclosures once discovery has been

completed and Plaintiff has had the opportunity to calculate the total amount of back pay

and benefits" (Doc. 44-1, p. 3).   Plaintiff provided Supplemental Disclosures on March 8,

2021 (the day discovery closed in this matter) in which she stated that she estimated her

lost damages to be approximately $38,000.   She further stated that the amount would

"continue to change through the date of trial" (Doc. 44-2, p. 4).

In response to Defendants' Motion to Bar, Plaintiff contends that she has provided

all information to Defendants necessary to calculate her lost wages claim.   She cites to her

interrogatory answers that explain the hours she worked and the rate she was paid before she was demoted, and her hours and rate after the demotion (Doc. 51-1).[1]   Plaintiff represents that at trial, no information will be provided to the jury other than what has already been disclosed to Defendants.

Defendants point the Court to Rule 37(c)(1), which states "[i[f a party fails to provide information….as required by Rule 26…the party is not allowed to use that information…at a trial."   Plaintiff disclosed to Defendants that her lost wages claim is currently $38,000.00 (and will be higher on the date of trial) and she gave Defendants information that explains (at least somewhat) how she reached that number (Doc. 51-1, p. 3).   As the record currently stands, it is not clear to this Court whether Plaintiff's disclosures and discovery responses sufficed to inform Defendants how Plaintiff reached the amount of $38,000.00.   Moreover, *if* Plaintiff failed to timely and sufficiently disclose her damages computation, it is not clear to the Court whether such a failure was harmless or substantially justified.   The Court has a procedure in place for efficiently resolving Rule 37 disputes (Doc. 17).   Defendants did not follow that procedure. Accordingly, Defendants' Motion to Bar Plaintiff's Claim for Lost Wages for Failure to Provide Calculation is DENIED WITHOUT PREJUDICE.

**Plaintiff's Motion to Strike Defendants' Requests for Admissions**

Defendants' Requests for Admissions were served after the discovery deadline. Defendants contend that their Requests are not discovery and therefore the discovery deadline is not applicable to the Requests.   The Seventh Circuit has previously indicated

---

[1] Local Rule 26.1(c) acknowledges that "at the time the duty to disclose arises, it may cover matters that have already been full disclosed in the same civil action…in that event, duplicative disclosure is not required."

that a Request to Admit may be characterized as something other than a discovery device. *Laborers' Pension Fund v. Blackmore Sewer Const., Inc.*, 298 F.3d 600, 609 n.2 (7th Cir. 2002).   District courts in this circuit have stated that Requests to Admit are not discovery devices.   *Tamas v. Family Video Movie Club, Inc.*, 301 F.R.D. 346, 347 (N.D. Ill. July 22, 2014); *U.S. S.E.C. v. Nutmeg Group, LLC*, 285 F.R.D. 403, 405 (N.D.Ill. Sept. 21, 2012). These statements were made in the context of defining a proper request to admit, which should only address facts "known by the party propounding the request" and not attempt to elicit new information. *Id*.

Here, Defendants contend that their Requests to Admit contain facts already learned through discovery, and that they were not served for the purpose of eliciting new facts. Defendants then cite to Plaintiff's deposition, in which Plaintiff purportedly admitted the substance of Defendants' Request to Admit #2.   Regardless of whether Request to Admit #2 is therefore considered something other than discovery, it is improper to request a party admit or deny what was said in a deposition because "the witness either said what is quoted or he didn't."   *Reitz v. Creighton*, 15-c-1854, 2019 WL 5798680, *2 (N.D. Ill. Nov. 7, 2019) (internal citations omitted).

As for Request to Admit #1, Defendants give the Court no specific information regarding why the rules of discovery should not apply to it.   The Court therefore declines to find that Request to Admit #1 was not subject to the March 8, 2021 discovery deadline. Accordingly, Plaintiff's Motion to Strike Defendants' Requests to Admit is GRANTED.

## CONCLUSION

Defendants' Motion to Bar Plaintiff's Claim for Lost Wages for Failure to Provide Calculation is DENIED WITHOUT PREJUDICE.   Plaintiff's Motion to Strike Defendants'

Requests for Admissions is GRANTED.

**IT IS SO ORDERED.**

**DATED:   April 8, 2021**

*s/* *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**