IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEA CAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-1385- RJD |
| | ) |
| HIMANSHU PATEL a/k/a SAM and | ) |
| ATHENEON ILLINOIS, INC. d/b/a | ) |
| MOTEL 6, | ) |
| | ) |
| Defendants. | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Motion for Summary Judgment (Docs. 48 and 49). Plaintiff filed a Response (Doc. 58). Defendants filed a Reply (Doc. 64). As explained further, Defendants' Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART.** Defendants also filed a Motion to Strike Plaintiff's Response to the Motion for Summary Judgment (Doc. 65). Defendants' Motion to Strike is **DENIED.**

Background

Plaintiff's Amended Complaint (Doc. 25) against Defendants Himanshu Patel ("Patel") and Antheneon Illinois, Inc. d/b/a Motel 6 ("Motel 6") contains the following claims:

| | |
|---|---|
| Count 1: | Violation of Fair Labor Standards Act (failure to pay minimum wage) against both Defendants |
| Count 2: | Violation of Fair Labor Standards Act (failure to pay overtime) against both Defendants |
| Count 3: | Violation of Fair Labor Standards Act (retaliation) against both Defendants |
| Count 4: | Violation of Illinois Minimum Wage Act (failure to pay minimum wage) against Motel 6 |
| Count 5: | Violation of Illinois Minimum Wage Act (failure to pay overtime) against Motel 6 |

|  |  |
|---|---|
| Count 6: | Violation of Illinois Wage Payment and Collection Act (failure to pay wages) against both Defendants |
| Count 7: | Violation of Illinois Wage Payment and Collection Act (retaliation) against both Defendants |
| Count 8: | Violation of the Americans with Disabilities Act against Motel 6 |
| Count 9: | Violation of the Illinois Human Rights Act against both Defendants |
| Count 10: | Violation of the Illinois Whistleblower Act ("IWA") against Motel 6 |

Plaintiff's Statement of Undisputed Material Facts provides the following timeline of events relevant to the instant motion. Plaintiff started working at Motel 6 in June 2013 as a guest service representative. Ninety days later, Defendant Patel promoted Plaintiff to manager. In addition to handling her own job duties, Plaintiff also performed housekeeping and maintenance tasks. While she was a manager, Plaintiff described the working conditions at Motel 6 as dangerous and hazardous to employee and client health. She discussed these issues with Defendant Patel.

In 2018, Plaintiff was diagnosed with neuropathy, scoliosis, and degenerative disc disease. In early May 2019, Plaintiff contacted OSHA again about the unsafe working conditions at Motel 6. She also filed a complaint with OSHA. On May 21, 2019, one of Plaintiff's physicians placed her on light duty work restrictions. Plaintiff told Patel about the light duty order, but Patel expected Plaintiff to continue performing housekeeping duties. On May 24, 2019, Patel demoted Plaintiff to guest service representative. Several days later, Plaintiff asked Patel to reinstate her position as manager. Patel refused and said "I know you called OSHA on me." Plaintiff submitted a charge to the Equal Employment Opportunity Commission ("EEOC") in September 2019. She received a Right to Sue letter, and filed this lawsuit within 90 days of receipt of the letter.

**Summary Judgment Standard**

Summary judgment is appropriate only if the moving party can demonstrate "that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

**Counts 1-7**

In Counts 1, 2, and 4-6, Plaintiff contends that she is entitled to unpaid wages and unpaid overtime from her time as a manager at Motel 6. Plaintiff seeks lost wages in Counts 3 and 7, in which she alleges that Defendants retaliated against her by demoting her and reducing her hours when she asked to be paid the minimum wage and for overtime work. In their Motion for Summary Judgment, Defendants refer to Counts I-7 collectively as Plaintiff's "wage claims."

Employees who perform administrative duties are not entitled to minimum wage and overtime pay under the Fair Labor Standards Act ("FLSA") or the Illinois Minimum Wage Law ("IMWL"). 29 U.S.C. §213(a)(1); 820 ILCS§105/4a(2)(E). An employee's title (e.g., as "manager") is not sufficient, by itself, to determine whether the employee is exempt from the

FLSA and IMWL. 29 C.F.R. §541.2.[1] Instead, "the exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's …. duties meet the requirements of the regulations." *Id*. An administrative employee is one "whose primary duty is the performance of office or non-manual work directly related to the management or general business operations" and "whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. §541.200(a). Defendants contend that they are entitled to summary judgment on the "wage claims" in Counts 1-7 because as a manager, Plaintiff was employed in an "administrative" position and therefore exempt from the minimum wage and overtime pay requirements contained in the FLSA and IMWL. Defendants make no other arguments in support of summary judgment on Counts 1-7.[2]

It is clear to the Court that there is a genuine issue of material fact regarding Plaintiff's primary duties while employed as a manager at Motel 6 from 2013-2019. Defendant Patel testified that it was Plaintiff's responsibility to make sure housekeeping services were completed, not to complete them herself (Doc. 49-2, p. 272). Nonetheless, Plaintiff testified that she spent slightly more than half of her day performing housekeeping, laundry, and maintenance duties (Doc. 49-1, p. 138). Plaintiff testified at her deposition that she had the ability to hire or fire certain employees, but Defendant Patel testified that she would first "consult" with him before taking such actions (Doc. 49-1, p. 15; Doc. 49-2, p. 178-79). Plaintiff made the other employees' schedules, calculated payroll, and was "responsible for the day-to-day operation of the motel" (Doc. 49-1, p. 15). However, Plaintiff also testified that Defendant Patel approved the payroll and schedules, and

---

[1] The IMWA adopts the federal regulations pertaining to the FLSA for determining whether an employee is exempt. *Nettles v. Allstate Ins. Co*., 2012 IL App (1st) 102247, ¶32.
[2] To be exempt from the FLSA and IMWL, an employee must also make more than $455 a week. 29 U.S.C. §213(a)(1); 820 ILCS§105/4a. The parties agree that Plaintiff made more than $455 a week during the time period in question.

Page **4** of **10**

Defendant Patel testified that he approved any orders for repairs or services (Doc. 49-1, p. 166; Doc. 49-2, p. 150).

Whether Plaintiff spent more time performing manual labor than office work is not necessarily determinative. *Hundt v. DirectSat USA, LLC*, 294 F.R.D. 101, 112 (N.D. Ill. 2013). The primary issue is whether Plaintiff's most important duties were administrative. *Id*. While Plaintiff performed hiring/firing/scheduling/payroll functions, it is not clear to this Court the degree to which Defendant Patel oversaw her performance of those duties. Drawing all reasonable inferences in favor of Plaintiff, a reasonable jury could find that administrative work was not Plaintiff's primary duty from 2013-2019. Defendants' motion for summary judgment on Counts 1-7 is therefore denied.

**Counts Eight and Nine Failure to Accommodate Claims**

Plaintiff alleges that Defendants violated the Americans with Disabilities Act ("ADA") and the Illinois Human Rights Act ("IHRA") in Counts Eight and Nine by discriminating and retaliating against her because of her disabilities (scoliosis, degenerative disc disease, and neuropathy). Doc. 25, ¶¶74, 145, 152, 154, 158, 159. Plaintiff further alleges that Defendants failed to accommodate her request for "light-duty" tasks (*Id*., ¶¶74, 145, 154). To exhaust her administrative remedies prior to filing suit on these claims, Plaintiff was required to file a charge with the Equal Employment Opportunity Commission ("EEOC"). *Whitaker v. Milwaukee Co., Wisconsin*, 772 F.3d 802, 812 (7th Cir. 2014); 775 ILCS 5/7A-102(A-1). Plaintiff filed a charge with the EEOC that stated:

> I began my employment with [Motel 6] in or around June 2013. My current position is Guest Services Representative. [Motel 6] is aware of my disability. During my employment, I was demoted. I also have been subject to different terms and conditions of employment, including but not limited to, being sent home early, not receiving a

> raise, being assigned extra duties without compensation. I complained to Respondent.
>
> I believe I have been discriminated against became of my disability, and in retaliation, in violation of the Americans with Disabilities Act of 1990, as amended.

(Doc. 49-4). Nowhere in Plaintiff's narrative does she mention that Defendants failed to accommodate her request for "light-duty" tasks. Defendants contend that because Plaintiff failed to list her failure to accommodate claim in the EEOC charge, they are entitled to summary judgment on Counts Eight and Nine. Plaintiff argues that her failure to accommodate claim was "reasonably related" to the discrimination and retaliation claims she listed in her EEOC charge.

Though discrimination and failure to accommodate claims can both be brought pursuant to the ADA, "a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA." *Riley v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018) (*citing Green v. Natl. Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999)). Plaintiff's claims-that Defendants failed to accommodate her request for light duty and that they demoted her because of her disability-are not "like or reasonably related to one another." *Id*. Accordingly, Defendants are entitled to summary judgment on Plaintiff's failure to accommodate claims in Counts Eight and Nine.[3]

**Counts Eight and Nine Retaliation Claims**

To survive a summary judgment motion on a claim for retaliation under the ADA, the plaintiff must show "that she engaged in a statutorily-protected activity, that she suffered an adverse employment action, and that there is a causal connection between the two." *Rowlands v.*

---

[3] Defendants make additional arguments regarding Plaintiff's failure to accommodate claims in Counts Eight and Nine. Because Plaintiff failed to exhaust her administrative remedies regarding her failure to accommodate claims in Counts Eight and Nine, it is unnecessary for the Court to consider Defendants' additional arguments.

*United Parcel Service-Fort Wayne*, 901 F.3d 792, 801 (7th Cir. 2018) (internal citations omitted). Requesting an accommodation for a disability is a protected activity. *Preddie v. Bartholomew Consolidated School Corp.,* 799 F.3d 806, 814-15 (7th Cir. 2015) (internal citations omitted).

Defendants acknowledge that Plaintiff suffered an adverse employment action when she was demoted on May 24, 2019. Defendants contend that they established a legitimate reason for the demotion by referring to the letter written by Defendant Patel to Plaintiff on May 24, 2019, in which he states that Plaintiff was demoted because of revenue losses. Defendants then argue that because they have "articulated" this legitimate reason, Plaintiff must now satisfy her burden of "proving" that the loss of revenue was a pretext. For this argument, Defendants presume that Plaintiff proceeds in Counts 8 and 9 on the burden-shifting test established by the U.S. Supreme Court in *McDonnell Douglas v. Green*, 411 U.S. 792. *See Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 764-66 (7th Cir. 2016).

In *Ortiz*, the Seventh Circuit explained that the use of "disparate methods" when applying burden-shifting tests in employment cases led to "many years" of "complicated and side-tracked" litigation. *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 764-66 (7th Cir. 2016). After *Ortiz*, Plaintiffs in employment cases in this Circuit can, but are not required to, prove their case under the McDonnell Douglas test. *Igasaki v. Illinois Department of Financial and Professional Regulation*, 988 F.3d 948, 957-58 (7th Cir. 2021). On summary judgment, the Court simply considers all the evidence "in a single pile" to determine "whether the evidence would permit a reasonable factfinder to conclude that the [protected activity] caused the [adverse employment action]." *Rowlands*, 901 F.3d at 801 (citing *Ortiz*, 834 F.3d at 7645). Causation can be established through circumstantial evidence, e.g., suspicious timing, or that the employer "offered a pretextual reason for [the] adverse employment action." *Monroe v. Indiana Dept. of Transportation*, 871

F.3d 495, 504 (7th Cir. 2017).

Three days after Plaintiff asked Defendants for an accommodation, she received a demotion letter (Doc. 49-1, p. 28-29; Doc. 58-6).  The passage of a "few days" between her request and demotion supports "the inference of causation."  *Igasaki*, 988 F.3d 948, 959 (7th Cir. 2021). Moreover, Plaintiff has offered evidence from which a reasonable juror could infer that Defendants' "loss of revenue" justification was a pretext.  Plaintiff was the only employee demoted, and no other employees' wages were reduced (Doc. 49-1, p. 80, 251-52).  Prior to the demotion, Plaintiff had not noticed any reduction in the number of guests staying at Motel 6 (Doc. 49-1, p. 19).  Accordingly, a reasonable juror could find that Defendants retaliated against Plaintiff by demoting her.  Defendants' Motion for Summary Judgment on the retaliation claims in Counts 8 and 9 is therefore DENIED.

**Count 10**

The Illinois Whistleblower Act prohibits an employer from retaliating against an employee who discloses information to a state agency related to the employee's belief that the employer violated state or federal laws.  740 ILCS §174/15(b).  Plaintiff alleges that Defendant Motel 6 retaliated against her for calling OSHA to report unsafe working conditions by demoting her.  Defendant contends that it is entitled to summary judgment on Count 10 because Plaintiff failed to establish Defendant Patel knew Plaintiff had called OSHA when he demoted her.  This argument fails because Plaintiff testified at her deposition that when she asked Defendant Patel to allow her to return to her management position (after she received the demotion letter), he said "No. And I know you called OSHA" (Doc. 49-1, p. 148).  Even though Defendant Patel purportedly made this statement *after* he had demoted Plaintiff, the jury could reasonably infer that the reason Defendant demoted Plaintiff was because she reported Defendants to OSHA.  Defendants' Motion for

Summary Judgment on Count 10 is DENIED.

**Defendants' Motion to Strike**

Defendants ask the Court to strike several exhibits to Plaintiff's Response to the Motion for Summary Judgment. Motions to strike pleadings related to dispositive motions are generally disfavored where they serve only to delay, creating yet another round of briefing that must be resolved before the Court can issue its ruling on the dispositive motions. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989). For example, Defendants ask the Court to strike Plaintiff's Statement of Material Facts because Plaintiff attached it as an exhibit to its Response in an apparent attempt to exceed the page-limit allowed for summary judgment briefings in this district. SDIL Local Rule 7.1(d). Certainly the Court would have preferred Plaintiff file a Motion for Leave to submit a Response greater than 20 pages to Defendants' Motion for Summary Judgment, instead of just disregarding the rule. However, given the number of issues raised in Defendants' motion, the Court would likely have granted Plaintiff leave to file the additional pages and therefore declines to strike Plaintiff's Statement of Facts. *Igasaki*, 988 F.3d at 957 (it is "well-within" the Court's discretion to "apply the [local] rule or to overlook any transgression").

Defendants also ask the Court to strike various declarations that were attached to Plaintiff's Response, as well as a document evidencing receipt of a federal loan by Motel 6. Defendants make various hearsay, foundation, and relevancy objections to these documents. At the time this Order is entered, Plaintiff has not responded to Defendants' Motion to Strike, and will have until June 21, 2021 (the same date as the final pretrial conference). None of the declarations or the receipt were relied upon by the Court in reaching its decision on Defendant's Motion for Summary Judgment. Defendants' Motion to Strike the declarations and loan document is therefore DENIED

AS MOOT.

## CONCLUSION

Defendants' Motion to Strike (Doc. 65) is DENIED. Defendants' Motion for Summary Judgment on Counts 1-7, the retaliation and discrimination claims in Counts 8 and 9, and Count 10 is DENIED.  Defendants' Motion for Summary Judgment on the failure to accommodate claims in Counts 8 and 9 is GRANTED.  Plaintiff's failure to accommodate claims in Counts 8 and 9 are DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to enter judgment accordingly at the conclusion of this matter. This case proceeds to trial on Counts 1-7, 8 (discrimination and retaliation only), 9 (discrimination and retaliation only), and 10.

**IT IS SO ORDERED.**

**DATED:  June 14, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**