IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEA CAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-1385- RJD |
| | ) | |
| HIMANSHU PATEL a/k/a SAM and | ) | |
| ATHENEON ILLINOIS, INC. d/b/a | ) | |
| MOTEL 6, | ) | |
| | ) | |
| Defendants. | | |

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Motions in Limine (Docs. 59 and 60), to which Plaintiff responded (Doc. 69). Plaintiff also filed Motions in Limine (Doc. 61), to which Defendants responded (Doc 67).

**Defendants' Motions in Limine**

1. **All references to citations and/or fines issued by OSHA to Motel 6 after Plaintiff's demotion.**

In Count 10, Plaintiff alleges that Defendants retaliated against her for reporting Motel 6 to OSHA. Plaintiff represents that she reported Motel 6 to OSHA in early May 2019. She was demoted on May 24, 2019. Several days later, Plaintiff asked Defendant Patel to reinstate her position as manager. Patel refused and said "I know you called OSHA on me." Defendants contend that whether OSHA subsequently fined or issued citations to Motel 6 is irrelevant. Plaintiff argues that evidence of OSHA citations or fines are proper to prove Defendants' allegedly retaliatory motives.

Evidence is relevant if it "has any tendency to make a fact more or less probable than it

would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. To succeed at trial on Count 10, Plaintiff must establish that Defendants' acted with a retaliatory motive when they demoted her. *Hubert v. Bd. of Education of City of Chicago*, 2020 IL App (1st) 190790, ¶22. She may do so via circumstantial evidence. Id., ¶28. Assuming, *arguendo*, that Plaintiff's reports to OSHA were substantiated (as later evidenced by fines or citations), then it would be more likely that Defendants were motivated to retaliate against Plaintiff when they learned OSHA was going to investigate them. Defendants' Motion in Limine #1 is DENIED.[1]

### 2. Expert testimony of Plaintiff's healthcare providers.

Defendants contend that testimony from Plaintiff's treating physicians should be barred because she failed to make proper disclosures under Rule 26(a)(2), which reads:

(2) Disclosure of Expert Testimony

> (a) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (b) Witnesses who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report-prepared and signed by the witness-if the witness is one retained or specially employed to provide expert testimony in the case…
>
> (c) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the Court, if the witness is not required to provide a written report, this disclosure must state:

---

[1] Plaintiff also argues that the OSHA citations are relevant to establish that Plaintiff is truthful and not "a liar." The Court is *not* finding in this Order that OSHA citations or fines are admissible to show Plaintiff's character or propensity for truthfulness. See Fed. R. Evid. 404(a). Plaintiff further argues that the OSHA violations are relevant to show Defendants' "willful and wanton conduct." Plaintiff provides no argument that the OSHA violations show "willful and wanton conduct" against **her** and has not otherwise met her burden of establishing the OSHA citations and fines are relevant to show Defendants' "willful and wanton" conduct. Therefore, for the sake of clarity, the Court is *not* finding in this Order that the OSHA citations or fines are relevant to show Defendants' "willful and wanton" conduct. These issues may be revisited at trial.

(i)     The subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705: and

(ii)    A summary of the facts and opinions to which the witness is expected to testify.

The Scheduling Order required the parties to disclose all Rule 26(a)(2) witnesses by November 24, 2020 (Doc. 31).  Plaintiff claims that she disclosed two treating physicians (Drs. Ahn and Amorado) in her Rule 26(a)(1) disclosures, that Defendants could have deposed the physicians, and that Defendants have their medical records.  Therefore, contends Plaintiff, the physicians should be allowed to testify at trial.  Plaintiff's arguments miss the point: all witnesses who are going to give expert testimony, including treating physicians, must be properly and *timely* disclosed under Rule 26(a)(2). *Musser v. Gentiva Health Svcs*., 356 F.3d 751, 756-57 (7th Cir. 2004).[2]  If litigants were only required to make Rule 26(a)(1) disclosures, or simply direct opposing parties to medical records, then Rule 26(a)(2) would be meaningless.  Plaintiff did not timely disclose the physicians as Rule 26(a)(2) witnesses. In fact, it appears that she never made a Rule 26(a)(2) disclosure.

On or before November 24, 2020, Defendants were entitled to know-beyond what was stated in Rule 26(a)(1) disclosures-the expert witnesses Plaintiff intended to call at trial. Compliance with these rules allows litigants the ability to make informed decisions about which witnesses to depose before the close of discovery.  Because Plaintiff failed to disclose her expert witnesses pursuant to Rule 26(a)(2), Defendants' Motion in Limine #2 is GRANTED. Drs. Ahn and Amorado shall not give testimony at trial pursuant to Rules of Evidence 702, 703, and 705.

Plaintiff listed Drs. Ahn and Amorado as fact witnesses in the parties' proposed pretrial

---

[2] Of course, the requirements for disclosing a treating physician's expert opinions may be different than the disclosure of a retained expert's opinions. Fed. R. Civ. P. 26(a)(2)(B).

order. The Court is not barring either physician from testifying as a fact witness at trial, but the Court will also not allow Plaintiff to elicit expert opinions from the physicians under the guise of fact testimony. *Tribble v. Evangelides*, 670 F.3d 753, 759 (7th Cir. 2012). The physicians may testify regarding their observations of Plaintiff and the treatment they provided her. *Brandon v. Village of Maywood*, 179 F. Supp.2d 847, 859 (N.D. Ill. 2001). They may also testify to a diagnosis or prognosis if they are able to do so without relying on "specialized medical training and knowledge that is outside the average juror's sphere of knowledge." *Id*. For example, in *Brandon*, the district court noted that the Plaintiff's treating physician diagnosed him with residual tingling in the leg following a gunshot wound. *Id*. This diagnosis did not require specialized medical training or knowledge-the physician was able to make it simply by hearing the plaintiff describe his symptoms. *Id*. Consequently, the treating physician could testify to this diagnosis without being identified as an expert under Rule 26(a)(2). *Id*. The district court gave an example of a diagnosis that *would* require an expert disclosure: the difference between anthrax inhalation and pneumonia. *Id*.

Here, it is unclear to the Court exactly what Plaintiff intends to ask Drs. Ahn and Amorado at trial. To the extent that Plaintiff intends to elicit testimony from Dr. Ahn or Dr. Amorado regarding Plaintiff's diagnoses or prognoses, she is **ORDERED** to file a brief that informs the Court 1) the specific diagnosis(es) and/or prognosis(es); and 2) an explanation as to how Dr. Ahn or Dr. Amorado will provide such testimony without relying upon "specialized medical training and knowledge that is outside the average juror's sphere of knowledge." *See id*. **Plaintiff shall file this brief on or before Monday, July 28, 2021.** If Plaintiff does not intend to question Dr. Ahn or Dr. Amorado about their diagnosis(es) or prognosis(es) for Plaintiff, she does not need to file such a brief.

### 3. Opinions about the Motives of Defendants and Hearsay Information

Defendants point the Court to various declarations submitted by Plaintiff in Response to Defendant's Motion for Summary Judgment (Docs. 58-8, 58-9, and 58-11) and contend that the declarations are "replete with irrelevant and inadmissible personal opinions, hearsay, and speculation." Defendants then point the Court to "examples" of the opinions, hearsay, and speculation. The Court declines to review the declarations and find all inadmissible opinions, hearsay, and speculation, but will address the examples identified in Defendants' motion made by Tameka Calloway and Donna White, both of whom were identified by Plaintiff at the final pretrial conference as witnesses who will likely testify at trial.[3]

Federal Rule of Evidence 602 ("a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter") is applicable to all of these statements. First, witness Tameka Calloway states in her declaration that she believes Plaintiff worked more than 80 hours a week (Doc. 58-8, ¶7). The Court agrees that Ms. Calloway's declaration does not, by itself, sufficiently lay a foundation for this statement. However, at trial, Plaintiff's counsel may attempt to lay such a foundation on the topic.

Witness Donna White states in her declaration that Plaintiff left the home that they shared at various times to go to work and came home at various times from work. Ms. White also states that she "knows" Plaintiff has various medical and physical conditions. Ms. White's declaration does not lay a sufficient foundation for these statements. However, as with the above statement made by Ms. Calloway, this issue is better revisited at trial. *Wielgus v. Ryobi Technologies, Inc.*,

---

[3] Defendants also point to a statement in a declaration made by a witness (Affton Carlile) who was not listed in Plaintiff's pretrial disclosures. Because that witness will not testify at trial, the Court will not address those statements in this Order.

893 F. Supp.2d 920, 923 (N.D. Ill. 2012) (objections made at trial give the Court better information regarding "context, foundation, and relevance").  Defendants' Motion in Limine #3 is DENIED.

### 4. Information Regarding Pay and/or Employment Experiences at Motel 6 Other than Plaintiff

Defendants ask the Court to exclude "testimony regarding pay or other experiences of employees other than Plaintiff."  Plaintiff correctly notes that in her discrimination claims (Counts 8 and 9), Motel 6's "behavior toward or comments directed at other employees in the protected group" may be relevant.  *Hitchcock v. Angel Corps, Inc.*, 718 F.3d 733, 740-41 (7th Cir. 2013) (internal citations omitted).  However, at the final pretrial conference, Plaintiff's counsel explained that two employees will testify that Defendant Patel forced them to work "off the clock" like Plaintiff.  Those employees were hourly employees, while Plaintiff received a salary.  No other testimony regarding other employees' experiences will be offered.  Such testimony is improper character evidence.  Fed. R. Evid. 404.  Defendants' Motion in Limine #4 is GRANTED.

### 5. Defendants' Receipt of Paycheck Protection Act loans

Defendants ask the Court to exclude documentation that Defendants received federal loans in April 2020 related to The Coronavirus Aid Relief and Economic Security Act. In May 2019, Defendants told Plaintiff she was being demoted because of revenue losses.  Defendants contend that their receipt of this loan is irrelevant.

In her efforts to prove Counts 8 and 9 (retaliation under the ADA), Plaintiff may introduce evidence that Defendants reason for demoting her (loss of revenue) was a pretext.  *Monroe v. Indiana Dept. of Transportation*, 871 F.3d 495, 504 (7th Cir. 2017).  Plaintiff explains that she remains demoted and Defendants' receipt of the loan is evidence that their reason for demoting her was simply pretext.  This issue is better suited for trial, when the Court can weigh the evidence

(if any) regarding Defendants' revenue losses, or why Plaintiff remains demoted. Defendants'
Motion in Limine #5 is DENIED.

### 6. Plaintiff's claim for lost wages

On or before **Monday, June 28, 2021**, the parties **SHALL** file briefs related to the issue
of whether Plaintiff properly disclosed the computation she used when calculating her lost wages,
pursuant to Federal Rule of Evidence 26(a)(1)(iii).

### 7. All **evidence or testimony regarding settlement negotiations or the desire to settle.**

Plaintiff has no objection to this Motion. Defendants' Motion in Limine #7 is GRANTED.

**Plaintiff's Motions in Limine**

### 1. Sequestration of witnesses other than the parties from the courtroom.

Defendant has no objection to this Motion. Defendants' Motion in Limine #1 is
GRANTED.

### 2. Financial Hardship to Defendant

Plaintiff moves to exclude evidence or argument that a judgment in her favor would "have
any effect on the defendant or present any financial burden on the Defendants, the jury, or any
other person or entity." Defendants argue that they should be allowed to present evidence or
argument regarding their financial difficulties at trial, because financial difficulties caused them to
demote Plaintiff. Defendants further argue that they should be allowed to "ask the jury to use
reason in assessing the amount of damages." To support their arguments, both parties rely on a
case from the Northern District of Illinois, *Rebolledo v. Herr-Voss Corp.* This Court agrees with
the finding in *Rebolledo* that "evidence or argument which *explicitly* states that a judgment against
[the defendant] would cause financial harm or burden" is "not relevant and would only appeal to
the sympathy of the jury." *Rebolledo v. Herr-Voss Corp.*, 101 F. Supp.2d 1034, 1036 (N.D. Ill.

2000) (emphasis added). Thus, the Court GRANTS Plaintiff's Motion in Limine #2, finding that at trial, Defendants shall not be allowed to present evidence or argument that explicitly states a verdict in Plaintiff's favor would financially harm Defendants or any other person or entity. This ruling does not prevent Defendants from presenting evidence regarding their financial difficulties or from asking the jury to use reason in assessing the amount of damages.

### 3. Plaintiff's attorneys

Plaintiff moves to exclude evidence regarding when she hired her attorneys and their contingency fee arrangement. Defendants do not object. Plaintiff's Motion in Limine #3 is GRANTED.

### 4. Settlement offers

Plaintiff moves to exclude evidence of offers of compromise, or the absence of offers. Defendants do not object. Plaintiff's Motion in Limine #4 is GRANTED.

### 5. Fairness to Defendants

Plaintiff moves to exclude evidence that the "jury must or should extend special efforts to be fair to the Defendants." Defendants contend that this motion is too broad, and that certainly Defendants should be able to ask the jury to be fair to Defendants. The Court GRANTS Plaintiff's Motion in Limine #5, finding that Defendants cannot ask the jury to be *especially* fair to Defendants. This ruling does not prevent Defendants from asking the jury to simply be fair to Defendants and/or to be as fair to Motel 6 as they would be to an individual person. Seventh Circuit Pattern Jury Instruction 1.03.

### 6. Collateral Source Payments

Defendants do not object to excluding evidence regarding collateral source payments, including (unemployment benefits) to Plaintiff. Plaintiff's Motion in Limine #6 is GRANTED.

### 7. Plaintiff's criminal history

Defendants do not object to excluding evidence of Plaintiff's prior arrests, charges, citations, and convictions. Plaintiff's Motion in Limine #7 is GRANTED.

### 8. "Reasonable pay" for Plaintiff's position

Plaintiff asks the Court to exclude "evidence and inquiry about the reasonable or appropriate pay rate for a person working in her position." Defendants object on the basis that they should be allowed to present evidence that Plaintiff met the salary threshold for an "administrative position." Counts 1-5 in Plaintiff's Amended Complaint are brought pursuant to the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). Plaintiff is exempt from overtime and minimum wage requirements under both laws if she worked in an "administrative position." 29 U.S.C. §213(a)(1); 820 ILCS§105/4a(2)(E). An employee must make more than $455 a week to be considered an "administrative" employee. 29 U.S.C. §213(a)(1); 820 ILCS§105/4a. The Court GRANTS Plaintiff's Motion in Limine #8, finding that evidence about the reasonable or appropriate pay rate for a person working in Plaintiff's position is irrelevant, because the issue at trial is not whether her salary was sufficient but whether Plaintiff was working in an administrative position. This ruling does not prevent the parties from presenting evidence regarding the amount Plaintiff received in weekly salary.

### 9. Defendant Patel's loans to Plaintiff

Defendant Patel claims that he has loaned Plaintiff money. Plaintiff moves to exclude any evidence or reference to the loan. At the final pretrial conference, counsel for Defendants argued that evidence of the loans is relevant because it shows that Defendants were trying to help Plaintiff, not retaliate against her. The Court is unconvinced that evidence of a loan would tend to disprove that Defendants were acting with a retaliatory motive when they demoted Plaintiff. Evidence

regarding the loans would also likely confuse and mislead the jury. Fed. R. Evid. 401, 403. Plaintiff's Motion in Limine #9 is GRANTED.

**10. Plaintiff's application for disability**

Plaintiff asks the Court to "exclude any evidence, argument, or information" regarding Plaintiff's application for Social Security disability benefits because the application contains inadmissible hearsay, and any relevancy is outweighed by prejudice. Defendants contend that they can offer Plaintiff's statements in the application under Federal Rule of Evidence 801(d)(2). At the final pretrial conference, the parties informed the Court that neither has a copy of Plaintiff's application for Social Security disability. Since neither party has a copy of the application, the issue of whether it can be admitted into evidence at trial is MOOT. This issue may be revisited if either party obtains the application.

Defendants contend that the Social Security administration's denial of Plaintiff's application is evidence that Plaintiff is not disabled. To prevail on her discrimination claim in Count 8, Plaintiff must establish that she was disabled. *Castetter v. Dolgencorp, LLC*, 953 F.3d 994, 996 (7th Cir. 2020). As the moving party on the motion in limine, Plaintiff carries the burden of showing that the SSA's denial is not admissible for any purpose. *Mason v. City of Chicago*, 631 F. Supp.2d 1051, 1056 (N.D. Ill. 2009). It is unclear to the Court whether the SSA's denial is relevant and otherwise admissible, but because Plaintiff fails to establish the denial is not admissible for any purpose, Plaintiff's Motion in Limine #10 is DENIED.

**11. Plaintiff's failure to call a witness not under her exclusive direction and control.**

Defendants do not object. Plaintiff's Motion in Limine #11 is GRANTED.

**12. Argument that Plaintiff is required to prove a certain or specific dollar amount in non-economic damages.**

Defendants do not object.  Plaintiff's Motion in Limine #12 is GRANTED.

**13. Evidence or argument regarding what Plaintiff will or might do with an award of damages.**

Defendants do not object.  Plaintiff's Motion in Limine #13 is GRANTED.

**14. Evidence or argument that Plaintiff is seeking more in damages than she expects to win.**

Defendants object, arguing that they should be able to ask the jury to use reason when assessing damages.  Defendants further object that, depending on the evidence presented at trial, they should be allowed to argue to the jury that Plaintiff has not proven she is entitled to certain damages.  The Court GRANTS Plaintiff's Motion in Limine #14 and specifically finds that Defendants may not argue to the jury that Plaintiff asked for more damages than she "expects" to be awarded.  However, this ruling does not prevent Defendants from asking the jury to use reason when assessing damages.  Likewise, this finding does not prevent Defendants from arguing to the jury that Plaintiff did not prove certain damages (subject to the evidence and arguments ultimately presented by Plaintiff to the jury).

**IT IS SO ORDERED.**

**DATED:  June 22, 2021**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**