THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEA CAIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 19-cv-1385- RJD |
| | ) |
| HIMANSHU PATEL a/k/a SAM and | ) |
| ATHENEON ILLINOIS, INC. d/b/a | ) |
| MOTEL 6, | ) |
| | ) |
|     Defendants. | |

# **ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's "Motion to Preserve Testimony and Take Deposition Out of Time" (Doc. 86). Defendants have not filed a Response, but informed Plaintiff's counsel that they object to the Motion. Plaintiff also filed a "Motion for Clarification on Pre-Trial Order" (Doc. 85). Defendants filed a Response (Doc. 87).

**Plaintiff's Motion to Preserve Testimony and Take Deposition Out of Time**

This case is set for trial on July 6, 2021-eleven days from the date Plaintiff filed the instant motion, eight days from the date this Order is issued. One of Plaintiff's witnesses is unavailable to testify at trial. Plaintiff informs the Court that the witness-Dr. Jose Amorado-*is* available to give a deposition at his office on June 30, 2021 at 10:30 a.m. Plaintiff further informs the Court that Dr. Amorado is currently undergoing chemotherapy treatment. Plaintiff asks the Court to permit the deposition to take place on June 30 "due to [Dr. Amorado's] unavailability."

However, Plaintiff also represents to the Court that she needs to take Dr. Amorado's

deposition so that the parties can "understand the full scope of Dr. Amorado's testimony prior to trial." With this argument, it is easy to understand Defendants' objection. Discovery closed in this matter on March 8, 2021 (Doc. 39). Taking Dr. Amorado's deposition for the purpose of finding out what he is going to say at trial is clearly something that should have occurred on or before March 8, 2021. In support of her motion to take Dr. Amorado's deposition, Plaintiff's argument focuses entirely on how Dr. Amorado will testify as a fact witness (and not an expert) at trial. This argument is irrelevant to the issue of whether the Court should allow Dr. Amorado's deposition to proceed nearly four months after the discovery deadline. Under the local rules, all discovery must be completed 115 days before the first day of the trial month. *See* SDIL Local Rule 16.2(a) (referring litigants to the proposed Scheduling and Discovery Order that applies to all civil cases in this district).[1]

Dr. Amorado's unavailability for trial is a different issue. Under some circumstances, the deposition testimony of a witness may be presented at trial if the witness is unavailable to testify at trial in person, e.g., because the witness is ill or infirm. Fed. R. Civ. P. 32(4). Even if Dr. Amorado had been deposed prior to the discovery deadline, Plaintiff fails to establish that Dr. Amorado's illness or infirmity renders him unavailable to testify at trial. Plaintiff's motion simply informs the Court that Dr. Amorado is not available for trial and also mentions that he is undergoing chemotherapy.

Often, parties will agree to present some witnesses at trial via video. Here, however, Defendants object to Dr. Amorado appearing via video. Plaintiff provides no other basis for the Court to permit Dr. Amorado's deposition to go forward six days before trial. Plaintiff's Motion

---

[1] The parties were reminded of this rule in early February 2021 (Doc. 39). Plaintiff moved to extend the discovery deadline from February 9, 2021 to March 11, 2021 (Doc. 38). The Court extended the deadline to March 8, 2021, but informed the parties that pursuant to local rule, the discovery deadline could not be extended further without moving the July 6, 2021 trial date (Doc. 39).

to Take Dr. Amorado's deposition is therefore DENIED.

**Plaintiff's Motion for Clarification on Pre-Trial Order**

The parties submitted a proposed final pretrial order prior to the final pretrial conference. The Final Pretrial Order identified eight fact witnesses that Plaintiff will call to testify at trial. Plaintiff's Motion asks the Court to remove one of those witnesses (Tameka Callaway) and add two witnesses: Tequila Moore and Afton Carlile. Tequila Moore was listed in the parties' proposed final pretrial order, but Afton Carlile was not. Defendants do not object to the removal of Tameka Calloway, nor do they object to adding Tequila Moore.

However, Defendants object to Afton Carlile testifying at trial as a fact witness because she was not included in Plaintiff's pretrial disclosures or in the proposed final pretrial order. Defendants provide no explanation as to how they would be prejudiced if Ms. Carlile is allowed to testify. It is unclear to the Court when Plaintiff first made Defendants aware that Ms. Carlile was a potential witness in this matter. Plaintiff identified Afton Carlile in a supplement to her Initial Disclosures on March 8, 2021-the date discovery closed in this matter (Doc. 69, p. 7). Certainly, it would be concerning to the Court if Plaintiff did not disclose Afton Carlile until the date discovery closed and failed to list her in either pretrial disclosures or the proposed pretrial order, but Defendants do not make this argument. This issue may be revisited at trial. For now, Afton Carlile and Tequila Moore are added to the list of witnesses Plaintiff intends to call at trial. Tameka Calloway is STRICKEN from the Final Pretrial Order.

**IT IS SO ORDERED.**

**DATED: June 28, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**