THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEA CAIN, )
 )
    Plaintiff, )
 )
v. ) Case No. 19-cv-1385- RJD
 )
HIMANSHU PATEL a/k/a SAM and )
ATHENEON ILLINOIS, INC. d/b/a )
MOTEL 6, )
 )
    Defendants. )

# **ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on trial briefs filed by the parties related to Plaintiff's lost wages claims (Docs. 90 and 91). This issue has been brought to the Court's attention multiple times with no resolution because Plaintiff continues to ignore her duties under Federal Rule of Civil Procedure 26 and Defendants continue to ignore their duties under Federal Rule of Civil Procedure 37. This is problematic, as trial starts one week from today.

As part of her Initial Disclosures, Plaintiff had a duty to provide to Defendants "a computation of each category of damages claimed by the disclosing party-who must also make available for for inspection and copying as under Rule 34 the documents or other evidentiary material…on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). From the multiple pleadings filed by Plaintiff on this issue,[1] it appears to the Court that Plaintiff provided to

---

[1] *See* Plaintiff's Response to Defendants' Motion to Bar *Plaintiff's Claim for Lost Wages for Failure to Provide a Calculation* (Doc. 51); Plaintiff's Objection to Defendant's Motion in Limine (Doc. 69); Plaintiff's Trial Brief (Doc. 91).

Defendants the documents and evidentiary material on which she has based her computation, but she has never provided the *actual computation* to Defendants.

Since Plaintiff apparently never provided the actual computation to Defendants, Defendants have asked the Court multiple times to bar Plaintiff's wage loss claims.[2] Defendants are effectively asking the Court to sanction Plaintiff for failing to comply with Rule 26. Generally, the Court is unwilling to sanction a party for a discovery violation when there has not first been a Motion to Compel and then an Order on a Motion to Compel. Defendants never filed a Motion to Compel. If they had done so, they would have first been required to meet and confer with Plaintiff on her actual computation for lost damages. Fed. R. Civ. P. 37(a)(1); Doc. 17. Defendants have apparently never tried to meet and confer with Plaintiff on this issue, even after the Court reminded Defendants of their duty to do so (Doc. 56).

However, while Defendants have never followed the proper procedure for raising this issue, they have brought the issue to Plaintiff's attention, triggering Plaintiff's duty to supplement her Initial Disclosures to include the actual computation for her lost wages claim. Fed. R. Civ. P. 26(e)(1)(A). Plaintiff continues to file pleadings with the Court that show she has provided the documents and evidentiary material on which she has based her computation, but not the actual computation. Now the Court will order her to do so. Fed. R. Civ. P. 26(e)(1)(b). Prior to 12:00 p.m. on June 30, 2021, Plaintiff's counsel shall disclose to Defendants' counsel the *actual computation* for calculating her lost wages. For every number used in that calculation, her attorneys shall identify to Defendants' counsel the basis for that number and the manner in which that basis was previously disclosed to Defendants' counsel. If the basis for any of those numbers

---

[2] *See* Defendants' Motion to Bar *Plaintiff's Claim for Lost Wages for Failure to Provide a Calculation* (Doc. 44); Defendants' Motion in Limine No. 6 (Docs. 59 and 60; Defendants' Trial Brief (Doc. 90).

was not previously disclosed to Defendants' counsel in some manner, Defendants' counsel shall contact Judge Daly's chambers at RJDpd@ilsd.uscourts.gov by 9:00 a.m. on July 1, 2021.

**IT IS SO ORDERED.**

**DATED: June 29, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**