IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEA CAIN,<br><br>    Plaintiff,<br><br>v.<br><br>HIMANSHU "SAM" PATEL and<br>ANTHENEON, ILLINOIS, INC.,<br><br>    Defendants. | Case No. 19-cv-1385-RJD |

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Strike Defendants' Affirmative Defense No. 13 (Doc. 71). Defendants filed a Response (Doc. 89).

Plaintiff's Second Amended Complaint alleges that Defendants committed various violations of the Fair Labor Standards Act, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, the Americans with Disabilities Act, the Illinois Human Rights Act, and the Illinois Whistleblower Act (Doc. 36). Defendants raised the following affirmative defense:

> 13. To the extent that a Defendant is found liable for any damages to Plaintiff, which Defendant denies, Defendant Patel is entitled to an offset of all monies borrowed from him by Plaintiff which she has yet to be repaid [*sic*].

Defendants filed their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint on November 25, 2020 (Doc. 37). On June 19, 2021, Plaintiff filed her Motion to Strike, arguing that Defendants' Affirmative Defense No. 13 is not really an affirmative defense but rather a breach of contract counterclaim for which the Court does not have subject matter

jurisdiction. In response, Defendants argue that Plaintiff's Motion to Strike is not timely, as it should have been filed on or before December 16, 2020. Fed. R. Civ. P. 12(f)(2).[1] Plaintiff did not ask for leave or attempt to show good cause for the tardiness of her motion. Plaintiff's motion is therefore DENIED.

However, the Court can strike "any insufficient defense" on its own. Fed. R. Civ. P. 12(f)(1). Plaintiff's argument regarding whether Defendants' claim for a "setoff" is improperly pled as an affirmative defense is well-taken. *Coplay Cement Co., Inc. v. Willis & Paul Group*, 983 F.2d 1435, 1441 (7th Cir. 1993); *cf. Viewhweg v. Siruis XM Radio, Inc.*, Case No. 17-3140, 2018 WL 305315, *3 (C.D. Ill. Jan. 5, 2018). Defendants did not respond to this argument in Plaintiff's Motion to Strike, and therefore Defendants are ORDERED TO SHOW CAUSE on or before July 2, 2021 at 12:00 p.m. why Affirmative Defense No. 13 should not be stricken. The due date and time are necessary for the Court to reach a decision before trial begins on July 6, 2021.

**IT IS SO ORDERED.**

**DATED: June 30, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[1] At the pretrial conference, the Court specifically asked counsel for Defendants to explain the purpose of introducing evidence of the loan at trial. Counsel for Defendants made no mention of their Affirmative Defense, only arguing that it was relevant to Plaintiff's discrimination and retaliations claim to show that Defendant Patel had a "lack of motive to take adverse action" against Plaintiff; Defendants believe this evidence is relevant to Plaintiff's retaliation and discrimination claims. The Court rejected this argument when ruling on Plaintiff's Motions in Limine (see Doc. 78). Defendants raise this same argument again in their Response to Plaintiff's Motion to Strike. Whether this evidence is relevant to Plaintiff's claims has no bearing on whether the setoff issue was properly pled as an affirmative defense. Of course, if Defendants are allowed to proceed with Affirmative Defense No. 13 at trial, evidence of the loan would be relevant to that Affirmative Defense. For some reason, Defendants have never made this argument.