IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEA CAIN,<br><br>    Plaintiff,<br><br>v.<br><br>HIMANSHU "SAM" PATEL and<br>ANTHENEON, ILLINOIS, INC.,<br><br>    Defendants. | Case No. 19-cv-1385-RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on issues related to Defendants' Motion in Limine #2 and #6 (Docs. 59, 60, 90), to which Plaintiff has responded (69, 91, 93). This matter also comes before the Court on Defendants' Motion in Limine No. 8 (Doc. 74), to which Plaintiff responded (Doc. 96).

**Defendants' Motion in Limine #2 (testimony from Plaintiff's treating physicians)**

Defendants asked the Court to bar expert testimony from Plaintiff's treating physicians, Drs. Ahn and Amorado. The Court granted the Motion because Plaintiff did not disclose either physician pursuant to Rule 26(a)(2)(B) or Rule 26(a)(2)(C). However, Plaintiff listed both physicians in the proposed final pretrial order as fact witnesses she intended to call at trial. The Court ordered her to submit a trial brief explaining the manner in which any diagnosis(es) or prognosis(es) reached by the physicians could be considered proper fact testimony *if* Plaintiff intended for either physician to offer such testimony (Doc. 78).

Before Plaintiff filed her trial brief, she filed a "Motion to Preserve Testimony and Take

Deposition Out of Time" (Doc. 86), asking the Court to allow her to take Dr. Amorado's deposition six days before trial. For the reasons explained in the Order found at Doc. 88, the Court denied the Motion. Plaintiff then filed her trial brief related to Dr. Amorado's anticipated testimony. From statements made by Plaintiff in her trial brief, the Court surmises that Plaintiff no longer intends to call Dr. Amorado to testify at trial (Doc. 93). Plaintiff also stated that she would not be calling Dr. Ahn to testify at trial (*Id*.). It is unclear to the Court why Plaintiff still submitted a trial brief on this issue, but because neither physician is going to testify at trial, this issue is MOOT.

**Defendants' Motion in Limine #6 (Plaintiff's lost and unpaid wages)**

Defendants asked the Court multiple times to bar Plaintiff's lost wage claims (Docs. 44, 59, 60), basing their argument on Federal Rule of Civil Procedure 26(a)(1)(A)(iii), which requires litigants to disclose the computation of each category of damages they are seeking, as well as the documents and evidentiary material they base those computations. For the reasons set forth in the Court's most recent Order on this issue (Doc. 95), the Court ordered Plaintiff to disclose the actual computation for calculating her lost wages claims.[1] Furthermore, the Court ordered Plaintiff to identify for Defendants the (1) basis for each number in her calculation; and (2) the specific manner that basis was previously disclosed to Defendants.

The Court also ordered that if any basis for a number used by Plaintiff in her computation had not been previously disclosed to Defendants, Defendants were to contact the undersigned's chambers via e-mail (the undersigned's standard procedure for discovery disputes-see Doc. 17). Counsel for Defendants emailed the undersigned a memorandum outlining her objections to the

---

[1] In their various motions and pleadings related to this issue, Defendants refer to Plaintiff's "lost wages." In response to Defendants various motions and pleadings, Plaintiff refers to her "lost and unpaid" wages. It appears to the Court that Defendants are referring to "lost" wages in a manner that encompasses both "lost" and "unpaid" wages. In any event, Plaintiff disclosed both her "lost" and "unpaid" wages to Defendants after the Court issued its most recent Order on this issue found at Doc. 95.

various bases for Plaintiff's computation, attaching the materials Plaintiff sent her in compliance with the Order found at Doc. 95. Plaintiff's counsel was included on the e-mail. Defendants' "objections" are arguments for the jury. Defendants contend that Plaintiff should not be allowed to estimate the number of hours she worked overtime from 2016-2019. Defendants provide the Court with no authority for this argument. More importantly, the issue presently before the Court is whether Plaintiff complied with Rule 26(a)(1)(A)(iii). Plaintiff disclosed to Defendants the computations that she believes reflect her lost and unpaid wages. She identified the basis for each number used in her computations, even if some of those numbers are estimates. To the extent that Defendants believe those numbers are wrong, they may make that argument to the jury. Defendants' Motion in Limine No. 6 is DENIED.

**Defendants' Motion in Limine No. 8 (any reference to the word "accommodate")**

The Court previously dismissed Plaintiff's "failure to accommodate" claims (Doc. 66). Defendants now move the Court to find *in limine* that Plaintiff cannot use the word "accommodate" at trial, claiming the jury will be confused. This motion is DENIED. The word "accommodate" has a plain meaning that jurors can ascertain for themselves.

**IT IS SO ORDERED.**

**DATED: July 1, 2021**

/s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**